UNITED STATES DISTRICT COURT
for the
Western District of North Carolina
Charlotte Division

FILED
CHARLOTTE, NC

FEB 0 6 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

Case NO: 3:23-cv-66-RJC

| | |
|---|---|
| EDDIE L. MEEKS )<br>    Plaintiff, )<br>)<br>-v- )<br>)<br>ROBERT WESTON )<br>(an individual), & )<br>ROBERT POWELL )<br>(an individual) )<br>    Defendant(s). ) | **COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983; & ABUSE OF PROCESS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Eddie L. Meeks (Plaintiff), brings this complaint for Abuse of Process and violation of plaintiff's Civil Rights; as codified in 42 U.S.C § 1983, against Defendants Robert Weston in his individual capacity, and Robert Powell in his individual capacity; (collectively Defendants) and alleges as follows:

## I. PARTIES TO THE COMPLAINT

1. Plaintiff is a citizen and resident of Gaston, County NC. With an address of 1542 Union Rd, Gastonia, NC 28054; (704) 593-6831; eddie_meeks@outlook.com.

2. Defendant Weston is an employee of the State of N.C. employed as an attorney/investigator for the N.C. State Bar with an address of 217 E. Edenton Street, Raleigh NC 27601.

3. Defendant Powell is an employee of the State of N.C. employed as an investigator for the N.C. State Bar with an address of 217 E. Edenton Street, Raleigh NC 27601; rpowell@ncbar.gov.

## II. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction under 42 U.S.C § 1983; deprivation of federally protected civil rights to wit: Defendant's violated Plaintiff's 4th amendment right "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure," while acting under the color of State law,

5. This Court has jurisdiction over Plaintiff's related state law tort claim of abuse of process pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. §1367.

6. This Court has personal jurisdiction over Defendant Weston because at all pertinent times, Defendant Weston was employed by the State of N.C., resided in the State of N.C. and was acting in his capacity as an employee of the State of N.C.

7. This Court has personal jurisdiction over Defendant Roberts because at all pertinent times, Defendant Roberts was employed by the State of N.C., resided in the State of N.C. and was acting in his capacity as an employee of the State of N.C.

8. Venue is proper in the District pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred.

### III. STATEMENT OF CLAIM (ABUSE OF PROCESS – NORTH CAROLINA)

9. Defendant's conduct amounts to abuse of process under North Carolina tort law because they maliciously misused a subpoena while having an ulterior motive to achieve some collateral purpose.

10. Plaintiff received a Bar complaint from Defendant Weston on or about the summer of 2022 alleging false advertisement concerning a single review that was left on google but not Plaintiff's website. Defendant Weston indicated that his "forensic analysis," of the associated email address from the google review was assigned to the undersigned Plaintiff and requested a statement which was subsequently supplied by Plaintiff.

11. Defendant Weston then issued a subpoena pursuant to N.C. Gen. Stat. 84-29 and N.C. admin. Code 1B.0112(f), that plaintiff opened via email while located in Gaston County, N.C., for plaintiff to drive 180 miles to Raleigh on or about the month of October 2022 to discuss the singular issue of "false advertisement" in person; Defendants then knowingly, and intentionally misapplied the civil subpoena process.

12. That on the aforementioned date, Defendant Weston along with Defendant Powers conducted the interview pursuant to their subpoena concerning false advertising.

13. That prior to said meeting, Defendant Weston indicated that if Plaintiff refused to traverse the 360 miles round-trip to discuss the singular google review that it would be upon pain of punishment.

14. When Plaintiff arrived, plaintiff found the interview *not* to be about a singular issue of false advertising *at all*, but rather Defendants had an ulterior motive and used said subpoena as a search warrant; to achieve a collateral purpose; to gain some advantage with respect to a collateral matter; a matter that was not included in any complaint from Defendants.

15. Defendants subsequently used the same subpoena/search warrant to command a search of Plaintiff's personal effects unrelated to a singular "google review" such as phone records, private spousal communications made in the sacred confines of the marital bedroom, email records, Facebook records, text messages, pictures, written communications etc.; said commands to plaintiff amounted to a search and more akin to a criminal investigation rather than "discovery" as it relates to a singular google review.

16. That Defendant's subsequently served Plaintiff's wife, not a member of the bar, in Gaston County with a subpoena commanding a search of her personal effects unrelated to a singular "google review" such as phone records, private spousal communications made in the sacred confines of the marital bedroom, email records, Facebook records, text messages, pictures, written communications etc.

17. Plaintiff is entitled to procedural due process under the 14th amendment prior to being searched. That said abuse of process is continuing as of the filing of this complaint.

18. As a direct and proximate consequence of the Defendants' conspiracy, Plaintiff has been injured in its business and property, causing Plaintiff to suffer monetary damages in an amount not less than $ 50,000; said damages to be proven at the time of trial.

19. Defendants' conduct was in furtherance of their own private interests, and was willful, malicious, wanton, and oppressive, and done with conscious indifference to the consequences and with specific intent to harm. Accordingly, Plaintiff is entitled to an award of punitive damages from Defendants, and each of them, in an amount to be proven at trial and sufficient to punish, penalize and deter Defendants from engaging in such conduct in the future.

### IV. STATEMENT OF CLAIM (Violation of 42 U.S.C. §1983)

20. Plaintiff references and incorporates/realleges the previous paragraphs 1-19.

21. Defendants acted under the color of state law, to wit pursuant to N.C. Gen. Stat. 84-29 and N.C. admin. Code 1B.0112(f)., by secretly cloaking a de facto search warrant as a benign discovery subpoena concerning a grievance of a singular google review in an effort to skirt the constitutional protections afforded by the U.S. Constitution to its citizens and more directly, the warrant requirement of the 4th amendment, and the accompanying procedural due process that accompanies said warrant requirement under the 14th amendment, and related procedural due process in criminal investigations such as the 5th amendment right against self-incrimination.

22. Defendant Weston prepared said search warrants/ subpoenas, and Defendant Powers served said search warrants/ subpoenas during all applicable time periods.

### THIRD CLAIM FOR RELIEF
### (Exemplary Punitive Damages)

23. Plaintiff incorporates by reference and realleges paragraphs 1 through 22 set forth above.

24. Defendants' actions alleged above were malicious, willful and wanton, and were made with specific intent to harm Plaintiff.

25. Moreover, Defendants' actions violated 18 U.S.C. § 1983 as alleged in Plaintiff's Second Claim for Relief, above.

26. Moreover, Defendants actions constitute abuse of process in the State of North Carolina as alleged in Plaintiff's First Claim for Relief, above.

27. In order to deter such conduct in the future, Plaintiff should be awarded exemplary punitive damages in an amount of not less than $1,000,000.

### JURY DEMAND

28. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable that are raised herein, or which hereinafter may be raised in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Finding that all defendants are jointly and severally liable for all damage caused to Plaintiff;

2. Awarding Plaintiff monetary damages in an amount not less than $50,000, said amount to be proven at trial;

3. Awarding Plaintiff its litigation expenses, including reasonable attorneys' fees, costs, and disbursements;

4. Awarding Plaintiff punitive damages in the sum of not less than $1,000,000 or an amount otherwise to be decided by a jury; and

5. Granting such other relief as the case may require or as may be deemed proper and equitable.

Dated this 5th day of February 2023.

Respectfully submitted,
EDDIE L. MEEKS, PRO SE

By: _____
Eddie L. Meeks
Email: eddie_meeks@outlook.com
Telephone: 704-593-6831