UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00066-RJC-SCR

| | |
|---|---|
| EDDIE L. MEEKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT WESTON, et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court following pro se Plaintiff's failure to respond to Defendants' "Motion to Dismiss" (Doc. No. 5) filed March 23, 2023, or the Court's "Order to Show Cause" (Doc. No. 7) entered April 13, 2023.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Plaintiff's response to the Motion to Dismiss was initially due on April 6, 2023. When Plaintiff failed to respond, the Court issued its Order to Show Cause on April 13, 2023. The Court ordered Plaintiff as follows:

> On or before May 15, 2023, Plaintiff shall file a response to the pending Motion to Dismiss and **SHOW CAUSE** why the Complaint should not be **DISMISSED** for failure to prosecute this action. Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this case **WITH PREJUDICE**.

Doc. No. 7 at 2 (emphasis in original).

The District Court has the inherent authority to dismiss a case for failure to prosecute and

Federal Rule of Civil Procedure 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990). This test, however, is not rigid and ultimately depends on the facts of each case. Attkisson v. Holder, 925 F.3d 606, 626 (4th Cir. 2019).

Considering the factors listed above, the Court concludes that any sanction short of dismissal would not be effective. Plaintiff demonstrated a lack of personal responsibility and has deliberately proceeded in a dilatory fashion by failing to respond to the Motion to Dismiss. The Court thereafter issued its Show Cause Order requiring Plaintiff to respond by May 15, 2023, and provided an express warning to Plaintiff that failure to respond may result in dismissal of the lawsuit. Plaintiff still failed to respond to the Court's Show Cause Order without any explanation or justification. This leaves the pending Motion to Dismiss unopposed. The prejudice to the Defendants is appreciable because Plaintiff's claims remain pending, and Defendants face the cost and considerable time in preparing a defense despite Plaintiff failing to respond or further prosecuting this lawsuit.

Accordingly, the undersigned respectfully recommends that Defendants' unopposed "Motion to Dismiss" (Doc. No. 5) be granted and that the action be dismissed for Plaintiff's lack

of prosecution and failure to comply with the Court's order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' unopposed "Motion to Dismiss" (Doc. No. 5) be **GRANTED**, and that Plaintiff's complaint be **DISMISSED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiff, counsel for Defendants, and the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: May 31, 2023

Susan C. Rodriguez
United States Magistrate Judge